**OHIO CASUALTY INSURANCE COMPANY,**
**Plaintiff-Appellant, v. CAPOLINO, Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20119.   Decided December 3, 1945.

Garfield, Baldwin, Jamison, Hope & Ulrich, Cleveland, for plaintiff-appellant.

Louis A. Perry, Cleveland, for defendant-appellee.

### OPINION

By SKEEL, P. J.

The plaintiff herein issued a policy of insurance to the Equity Savings & Loan Company, by which the insurance company agreed to indemnify the assured for any loss which it might suffer because of the negligence of any of its employees in the operation of an automobile while acting in the course and scope of his or her employment.

The petition of the plaintiff alleges that on or about the 5th day of May, 1942, the defendant, Carmen Capolino, who was then an employee of the Savings & Loan Company, was

operating an automobile in a westerly direction on Forest Avenue in the City of Cleveland. It is alleged that the defendant was then acting in the course and scope of his employment. When he got to the intersection of East 123rd Street and Forest Avenue (East 123rd Street being a main thoroughfare) he came into collision with an automobile which was being driven northerly on East 123rd Street by one Novak. The Plaintiff further alleges that it was the legal duty of Capolino to bring his vehicle to a stop before entering such intersection and that he failed to do so and as a proximate result of such negligent act on his part the collision took place.

The plaintiff further claims that the said Novak filed a claim against The Equity Savings & Loan Company for the damages to his automobile which Novak claims to have sustained as a result of said collision and that the Savings & Loan Company notified this plaintiff of such claim. After due investigation of Novak's claim the plaintiff paid the said Novak the amount of his damage. The prayer of the petition is for the recovery of the amount thus expended. The defendant's answer in addition to a general denial affirmatively alleges that the plaintiff's action is barred by the statute of limitations. Such affirmative allegation of the answer is denied by reply.

When the case was called for trial, plaintiff's counsel, in his opening statement, stated the facts as alleged in the petition and after the defendant's opening statement the defendant objected to the introduction of any evidence on the ground that the action was barred by the statute of limitations as disclosed upon the face of the record.

As stated in the petition, the accident took place on May 5, 1942, and the date of the filing of the petition was June 23, 1944, which is two years and forty-nine days after the accident.

The trial court upon the consideration of the defendant's motion, granted the same and entered judgment for the defendant, to all of which the plaintiff entered its exception.

The sole question presented by this appeal is whether or not the plaintiff's action was barred by the statute of limitations.

In considering this question upon the defendant's motion, we must accept as true the allegations of the plaintiff's petition, the facts as stated in the opening statement of counsel, and the facts appearing upon the face of the record.

**Volume 39, Ohio Jurisprudence, paragraph 226, page 885:**

"* * *. Such a motion constitutes an admission by the defendant, for the purpose of the motion, of the truth of all

the statements that the plaintiff proposes to establish by the evidence * * *."

Also, see paragraph 227 following.

It is the contention of the defendant that the two year statute of limitations, that is §11224-1 GC is applicable under the circumstances of the case and that because more than two years passed from the time of the accident until the filing of the petition the action is barred by the statute.

The plaintiff's contract of insurance was with The Equity Savings & Loan Company, and upon settling a claim against its assured, became by its contract subrogated to the loan company's rights. This action, therefore, is one in indemnity and sounds in contract and not tort and is controlled as to the time within which such action must be brought, by §11222 GC which provides as follows:

"An action upon a contract not in writing, express or implied, or upon a liability created by statute other than a forfeiture or penalty, shall be brought within six years after the cause thereof accrued."

The fact that the plaintiff must stand in this action entirely upon the rights which The Equity Savings & Loan Company as the employer of the defendant, clearly demonstrates the error of the defendant's contention that the action is in tort. An employer's liability to a third person because of the negligence of one of its employees acting within the scope and course of his employment is secondary to the liability of the employee to such third person. The injured person may bring his action against either the employer or the negligent employee but he cannot join them as defendants in the same action. The right of an employer, after having paid a damage claim of a third person injured as a result of the negligence of one of his employees while acting within the course and scope of his employment, may seek retribution for the loss thus sustained.

The rule is stated as follows in Restatement of Restitution, page 418, paragraph 96:

"A person who, without fault, has become subject to tort liability for the unauthorized act and wrongful conduct of another, is entitled to indemnity from the other for expenditures properly made in the discharge of such liability."

On page 419 of the same work, in explanation of the rule, the following statement is made:

"* * *. Thus the rule applies to require a servant, or other agent, to indemnify his master or principal who has paid damages to a third person injured by the unauthorized tort of the servant or other agent, under the rule stated in the Restatement of Agency paragraph 219-267."

In 68 Ruling Case Law, page 502, parag. 13, under the title "Wrongful Acts or negligence of Employee" we find the following:

"An employee is directly liable to his employer for any damage occasioned by his negligence or misconduct, whether such damage be direct to the property of the employer, or arises from the compensation which the employer has been obliged to make to third persons for injuries sustained by them."

See also:
**Darling v Younger, 37 Oh St 487.**
**26 O Jur Page 252, parag. 130.**
The relationship of employer and employee can be created only by contract express or implied.
39 Corpus Juris, page 33, parag. 1:

"The relation of master and servant is that which arises out of a contract express or implied between a master or employer on the one hand and a servant or employee upon the other hand."

When a contract of employment has been entered into it is an implied condition of such contract, if not otherwise expressed, that the employee is bound to act in good faith and is to exercise reasonable care and diligence in the performance of his duties. Failure to so act in the interest of his employer constitutes a breach of his contract.
In 35 American Jurisprudence, page 530, paragraph 101, it is said:

"An employee owes to his employer the duty of exercising a reasonable degree of care and skill and judgment in the performance and discharge of the duties of his employment. This duty is implied from the contract of employment and does not

depend upon any express obligation assumed in that regard by an employee, and it is a widely recognized rule that an employee is liable directly to his employer for whatever injury or damage is occasioned by the employee's failure to exercise reasonable care and diligence by reason of his misconduct, whether such damage is direct to the person or property of the employer or is brought about by compensation which the latter has been obligated to make to some third person for injuries sustained by the latter on account of the employee's act.

* * *. Here the liability of the latter (servant) is based upon his contract. He is bound to indemnify the master for damages resulting from his failure to perform the duties which he owes to the master in every case."

Were it not for the relationship of employer and employee between the Savings & Loan Company and the defendant, the loan company could not have been called upon to pay Novak's damages and an examination of the petition herein discloses that the plaintiff relies entirely upon the defendant's breach of such contract of employment with the Equity Savings & Loan Company in bringing the action. It is therefore one in contract and the six-year, and not the two-year, statute of limitations applies.

The cause is therefore reversed and remanded for further proceedings according to law.

MORGAN, J., concurs.
LIEGHLEY, J., dissents.