BURNS, APPELLEE, *v.* PENNSYLVANIA RUBBER & SUPPLY CO., APPELLANT, ET AL., APPELLEE.*

---

*Motion to certify the record overruled (37439), May 2, 1962.

(No. 4159—Decided November 21, 1961.)

*Messrs. Pfau & Pfau,* for plaintiff-appellee.
*Mr. Joseph P. Sontich* and *Mr. David C. Haynes,* for appellant.
*Messrs. Shirreffs, Jones & Moore,* for defendant-appellee.

BROWN, P. J.   Joseph R. Burns, the plaintiff, an appellee herein, was the owner-operator of a retail gasoline service station in Youngstown, Ohio.   In 1945 he purchased from the defendant, appellant herein, The Pennsylvania Rubber & Supply Company, a certain hydraulic lift manufactured by the defendant Weaver Manufacturing Company.   Installation of the unit was made by neither of the defendants.   The lift, properly installed, worked "beautifully" until May 17, 1957, when an employee of Burns was injured by the explosion of the lift.

This employee claimed damages against Burns, who had no immunity from such claim since he had not complied with the Workmen's Compensation Act or contributed to the State Insurance Fund.

Burns allegedly notified Pennsylvania Rubber & Supply Company of the claim, demanded that that company assume

liability and settle or defend the claim, and upon its failure so to do proceeded to hire counsel. Upon advice of counsel Burns settled the employee's claim for $14,979, incurring and paying an additional $200 for counsel fees.

Burns brought this action against Pennsylvania Rubber & Supply Company, as the retailer, and against the Weaver Manufacturing Company, as the manufacturer of the offending lift, claiming that negligence in its manufacture and design and failure to notify or warn the plaintiff of defects in the lift after notice to each defendant of same resulted in the injury to the employee and the resulting financial loss to the plaintiff.

Defendant Pennsylvania Rubber & Supply Company, early in the trial of the matter, moved the court to require the plaintiff to elect as to which of the defendants he would proceed against, claiming only primary-secondary obligation. The court chose to reserve its ruling upon this motion until the close of the evidence. At the close of the evidence the court directed a verdict against the plaintiff as to the defendant Weaver Manufacturing Company, basing its ruling on the fact that there was no evidence that Weaver had notice of the employee's claim against Burns prior to the time Burns completed the settlement.

The case was submitted to the jury, which found for the plaintiff in the sum of $10,000, for which judgment was entered.

Defendant Pennsylvania Rubber & Supply Company filed a notice of appeal from the judgment in favor of Burns and an appeal styled a ''cross-appeal'' of the judgment of the trial court dismissing defendant Weaver Manufacturing Company.

Weaver Manufacturing Company moved to dismiss the cross-appeal, and this motion was overruled. We now conclude that the appeal by Pennsylvania Rubber & Supply Company against Weaver Manufacturing Company must be dismissed. There were no issues upon which the appellant, Pennsylvania Rubber & Supply Company, and the defendant below, Weaver Manufacturing Company, were adverse to each other. Rule II, Section 1 (C) of the Supreme Court Rules of Practice, as amended January 8, 1952, provides:

''A notice of cross-appeal may be filed in this court by an adverse party within the time provided by law for filing of a notice of appeal. * * *''

Section 2505.22, Revised Code, provides for the filing of assignments of error on behalf of the appellee, and that the time for filing such may be fixed by rule of court.

*Miller* v. *Star Co.* (1937), 57 Ohio App., 485, and *Zajicek* v. *Owens* (1956), 76 Ohio Law Abs., 188, both recognize cross-appeals and the necessity of filing the notice required in Section 2505.04, Revised Code.

Jurisdiction on appeal or review can exist only by virtue of constitutional provision or legislative enactment. 14 Ohio Jurisprudence (2d), 513, Section 95, and cases cited. Cross-appeals are the subject of statutory regulation; unless provided for by statute they do not exist. 2 American Jurisprudence, 848, Section 6.

Section 2505.22 contemplates the filing of cross-assignments of error by the appellee, to be decided by the reviewing court before reversing the case, and only if reversing the case. Skeel's Ohio Appellate Law, at page 141. This statute does not contemplate the filing of cross-assignments of error by the appellant against a defendant below who was there dismissed.

With regard to appellant's assignment of errors we shall decide first whether the sixth assignment of error is well taken. It raises the question whether Burns was a mere volunteer in paying the damage claim of the injured employee; whether, having paid the claim under the facts of this case, Burns is entitled to indemnity from the vendor; and whether the allegations of the petition were sufficient to raise a duty upon Pennsylvania Rubber & Supply Company to take over the claim of Burns' injured employee.

With regard to the pleading question we note that the petition alleged "that though the defendants well knew of the serious injuries suffered by the plaintiff's employee, the defendants failed and neglected to assume their responsibility in the matter and effect a settlement with plaintiff's employee; that claim was made against plaintiff and plaintiff, upon advice of counsel, settled same by paying $14,979 in settlement and $200 as fees of counsel."

Under the liberal rule applied in construing a complaint or declaration as against objection made for the first time after judgment, allegations made in the form of legal conclusions

which merely imply the necessary material facts are sufficient as against such objection. 41 American Jurisprudence, 302, and, also, page 336.

This is the principle of aider by verdict which is discussed at length and well annotated in 43 Ohio Jurisprudence (2d), 398.

In considering whether Burns was a volunteer, we examine his potential liability to this badly injured employee.

"The employer's obligation of care extends as a general rule to all tools, machinery, and appliances that may be furnished for the use of the employee in the discharge of his duties. He *must* furnish the employee with reasonably safe machinery, appliances, and structures. * * *." (Emphasis added.) 36 Ohio Jurisprudence (2d), 38, Section 117.

The evidence rather clearly shows that the lift was being used in the regular course of the employee's work and in a manner in which it was meant to be used, and yet it exploded. That it was about to explode would probably not have been determinable by any normal type of inspection by the employee or by Burns. And yet this tool furnished by Burns was not only not reasonably safe it was dangerously unsafe. The fact that Burns, under these circumstances, paid more than fourteen thousand dollars, upon advice of counsel, is evidence that he was liable and that the amount of the settlement was reasonable. The jury presumptively so held in its general verdict, which was not tested by interrogatories.

It is generally held that one constructively liable for a tort is entitled to indemnity from the actual wrongdoer, regardless of whether liability is imposed on the person seeking indemnity by statute or by rule of the common law and irrespective of the existence of an express contract to indemnify. Accordingly, it has been stated that a person who, without fault on his part, has been compelled to pay damages occasioned by the primary negligence of another is entitled to indemnity from the latter, whether contractual relations exist between them or not. 27 American Jurisprudence, 467, Indemnity, Section 18. Also at page 468 of 27 American Jurisprudence, it is stated:

"* * * It has been held that a purchaser of a defective machine causing injuries for which he is liable may recover indemnity from the manufacturer or vendor. * * *"

See *Delta Tank Manufacturing Co., Inc.,* v. *Weatherhead Co.,* 150 F. Supp., 525.

This is good law, very applicable to this case, and we adopt it.

We then must note that the word ''primary,'' as here used, has reference to the difference between the duties of Pennsylvania Rubber & Supply Company and Burns. What determines the duty in this situation? The first duty of Burns is statutory, and is to furnish reasonably safe tools to this employee. If only this duty were breached by Burns his liability might exist in the absence of negligence on his part and the duty of Pennsylvania Rubber & Supply Company arising out of its alleged breach of warranty would be primary. The rule suggested above would then apply.

There is another duty which would exist, depending upon the jury's findings on all the evidence. This would be the duty of inspection or examination and under proper circumstances might fall to Burns, to Pennsylvania Rubber & Supply Company, or to both. Had the jury found that such an examination or inspection could have been made which would have disclosed the defect which resulted in the explosion, then the duties of Pennsylvania Rubber & Supply Company and Burns might have been joint, so that the rule stated above would not apply.

If the jury found that the explosion was the result of Burns' failure to replace the lift or if the passage of time should have caused Burns to anticipate that it might become dangerous or likely to explode, then the jury would have been justified in arriving at a verdict for Pennsylvania Rubber & Supply Company.

The general verdict of the jury on these questions presumptively holds against the appellant on these questions and favorably to the appellee.

This court cannot hold under the evidence in this case that Burns and Pennsylvania Rubber & Supply Company jointly and concurrently were as a matter of law guilty of negligence which caused the injury to the employee. This we would have to do in order for *Massachusetts Bonding & Ins. Co.* v. *Dingle-Clark Co.,* 142 Ohio St., 346, to be dispositive of this appeal, as is urged by counsel for the appellant.

In *Dayton Power & Light Co.* v. *Westinghouse Elec. & Mfg. Co.*, 287 F., 439, 37 A. L. R., 849, an employer carrying his own risk and required by the Ohio Workmen's Compensation Act to make compensation to an employee injured by defects in a machine was permitted to recover against the manufacturer. The court noted that the employer was unaware that the machine, by reason of its unfitness for the purpose for which intended, might explode, and stated that indemnity was payable since the employer's loss was the proximate result of the breach of defendant's warranty. The annotation points out that the seller's warranty imposes the same liability, and cites 24 R. C. L., "Sales," Section 541.

This is one aspect of the plaintiff-appellee's claim. The second aspect of the plaintiff's claim involves the seller's breach of the common-law duty of exercising ordinary care. It is claimed that Pennsylvania Rubber & Supply Company violated a duty to warn the plaintiff of the latent defect in the machinery after Pennsylvania Rubber & Supply Company knew of the defect.

Authorities are in agreement that the vendor who has knowledge of a latent defect making a machine unsafe for the use for which it was manufactured has a duty to warn. See annotation 86 A. L. R., 947. See, also, *Comstock* v. *General Motors Corp.* (1959), 358 Mich., 163, 99 N. W. (2d), 627.

The trial court was correct in leaving it for the jury to decide whether the vendor had knowledge of the defect in the lift, with its attending grave danger to life and limb, and failed to exercise proper care under these circumstances in failing to warn plaintiff.

Notice to the vendor being important and necessary under this theory, appellant's first assignment of error is not valid. This assignment excepted to the introduction, over objection, of evidence that vendor had notice of other and prior explosions of identical tanks under similar circumstances. There is evidence in the record upon which the jury was justified in finding that the tanks involved in the earlier explosions were identical and that the appellant had notice of these explosions. Such evidence is properly admitted for the limited purpose of showing that the lift had this dangerous latent defect, and that the appellant had knowledge of that fact. *Brewing Co.* v. *Bauer,* 50

Ohio St., 560; *Prashker, Exrx.,* v. *Beach Aircraft Corp.,* 258 F. (2d), 602; *Muller* v. *Kirschbaum Co.,* 298 Pa., 560, 148 A., 851; *De Eugenio* v. *Allis-Chalmers Mfg. Co.,* 210 F. (2d), 409; *Gall* v. *Union Ice Co.,* 108 Cal. App. (2d), 303, 239 P. (2d), 49.

The second assignment of error argues that the prolonged period of use of the lift in question between the date of sale and the date of explosion (twelve years) was such that the court erred in failing to direct a verdict for the appellant. This assignment proposes that, at some point, the mere passage of time demonstrates conclusively that the explosion was due to causes other than the latent defect. This, in effect, proposes that the court decide the question of proximate cause, and suggests that corrosion, weather, prolonged use are intervening circumstances which the court must determine to be the efficient and producing cause of the explosion as a matter of law. The evidence in this case would not have justified the trial court in arriving at that conclusion. The following cases hold that prolonged use of a manufactured article is but one factor in determining whether a claimed defect in manufacture made the product unsafe for its intended use and proximately caused an injury. *Pryor* v. *Lee C. Moore Corp.,* 262 F. (2d), 673; *International Derrick & Equipment Co.* v. *Croix,* 241 F. (2d), 216; *Fredericks* v. *American Export Lines, Inc.,* 227 F. (2d), 450; *Hanna* v. *Fletcher, Trustee,* 231 F. (2d), 469, 58 A. L. R. (2d), 847.

Counsel for the plaintiff properly calls to our attention the fact that appellant failed to renew the motion for a directed verdict at the close of all of the evidence. Unless a motion for a directed verdict is renewed at the close of all the evidence, error cannot be predicated upon the refusal of the trial court to direct a verdict.

We find that the failure to require the plaintiff to elect as to whether he was going to proceed against one or the other of the two defendants below was not prejudicial error under the issues made by these pleadings.

We find no other assignment of error well taken.

The judgment of the court below is, therefore, affirmed.

*Judgment affirmed.*

DONAHUE and GRIFFITH, JJ., concur.