Louis B. Heller, J.
Third-party plaintiffs, defendants in a negligence action, move for judgment dismissing for insufficiency the affirmative defense of Statute of Limitations which has been interposed by the third-party defendants in their answer to the third-party complaint (CPLR 3211, subd. [b]). The third-party complaint is grounded upon the third-party plaintiffs’ alleged status as passive tort-feasors and upon the third-party defendants’ alleged liability as active tort-feasors. Accordingly, it is averred in the third-party complaint, if the third-party plaintiffs should be held liable for the plaintiffs’ damages in the main action, third-party plaintiffs seek indemnification therefor from the third-party defendants.
The action for indemnity is based upon principles of a quasi contract and is governed by the six-year period of limitations (see Rieger v. Frankstram Realties, 68 N. Y. S. 2d 243; CPLR 213, subd. 2) as distinguished from the “ action to recover damages for a personal injury”. (CPLR 214, subd. 5.)
Since admittedly the six-year time limitation has not run, the pleading of the Statute of Limitations as a defense is insufficient as a matter of law and must be dismissed.
An objection has been raised with regards to the timeliness of the instant motion to dismiss the defense. It seems, however, to he the general consensus of opinion that under “ rule 3211 of the Civil Practice Law and Rules, a motion challenging the sufficiency of defenses may be made at any time prior to, or even upon the trial. (See 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3211.47; McKinney’s Book 7B, CPLR 3211, Note, p. 326.) ” (Sadif, S. A. v. Burnham & Co., 20 A D 2d 777.)
Motion granted. Settle order.