The **OHIO CASUALTY INSURANCE CO.**, Plaintiff-Appellant,

v.

**FORD MOTOR COMPANY,**
Defendant-Appellee.

No. 73–1435.

United States Court of Appeals,
Sixth Circuit.

Submitted Dec. 7, 1974.

Decided Aug. 23, 1974.

Paul C. Weick, Circuit Judge, dissented and filed opinion.

Charles N. Myers, Jr., Hamilton, Kramer, Myers & Summers, Columbus, Ohio, on brief, for plaintiff-appellant.

Vorys, Sater, Seymour & Pease, Edgar A. Strause, Columbus, Ohio, on brief, for defendant-appellee.

Before WEICK, McCREE, and MILLER, Circuit Judges.

McCREE, Circuit Judge.

This appeal requires us to decide whether, under Ohio law, the six-year statute of limitations, governing actions upon contracts, express or implied,[1] or the two-year statute of limitations, governing actions for bodily injury or injury to personal property,[2] applies in an action for indemnification against an automobile manufacturer brought by an insurance company, subrogated to the rights of its insured, who was compelled to respond to third persons for personal injury and property damage allegedly caused by a defect in one of the manufacturer's vehicles. The district court held that the two-year statute of limitations applied and dismissed the complaint on defendant's motion. We determine that the six-year statute of limitations is applicable and reverse.

■ Under Ohio decisional law, which is applicable in this diversity case, "The period of limitation within which an action must be commenced is determined from the nature of the demand and the ground of the action as set out in the pleadings." State ex rel. Lien v. House, 144 Ohio St. 238, 58 N. E.2d 675 (1944). *See also* Ohio Casualty Insurance Co. v. Capolino, 44 O.L. Abs. 564, 65 N.E.2d 287, 289 (1945).

The complaint alleged that the brakes on the insured's truck failed·because of a defect, and that the truck went out of control and caused extensive personal injury and property damage to third persons; that Ford Motor Company, the manufacturer, was "primarily liable" for all damages; and that appellant is entitled to indemnification for payments it made in settlement of damage claims when Ford failed to act after having been given notice and an opportunity to defend.

■ All the settlement payments were made more than two years before the complaint was filed, but, with one exception, all were made within six years of the commencement of the action. Although the parties disagree about which statute of limitations applies, they agree that the applicable statute began to run when each payment was made. Appellant's Brief at 6; Appellee's Brief at 24. *See* 28 O.Jur.2d, Indemnity § 2. *See generally* 20 A.L.R. 2d 925. Of course, the insurance company, as subrogee, has no greater rights against Ford—no longer time in which to commence an action—than the insured would have had if he, instead of the insurance company, had paid the claims and sued appellee for indemnification. 50 O.Jur.2d, Subrogation § 26.

■ The "ground of the action pleaded," *see* State ex rel. Lien v. House, *supra*, is "[if] one secondarily liable for a wrongful injury is compelled to respond in damages to the injured person, he may recoup his loss, *upon an implied contract of indemnity,* from the one who actually created the danger or perpetrated the wrong." 28 O.Jur.2d Indemnity § 12·(emphasis added). This

---

1. Ohio Revised Code § 2305.07.

2. Ohio Revised Code § 2305.10.

rule applies not only when a formal judgment is rendered, Maryland Casualty Co. v. Frederick, 142 Ohio St. 605, 53 N.E.2d 795 (1944), but also when the party vicariously or secondarily liable is compelled to settle a claim, after giving notice and an opportunity to defend to the party primarily liable. Globe Indemnity v. Schmitt, 142 Ohio St. 595, 53 N.E.2d 790 (1944). And an action for indemnification based upon primary and secondary liability may be brought in Ohio whether or not there exists in fact a contractual relationship between the parties. Burns v. Pennsylvania Rubber & Supply Co., 117 Ohio App. 12, 189 N. E.2d 645, 22 Ohio Op.2d 451 (1961). See also Aetna Casualty & Surety Co. v. Buckeye Union Casualty Co., 157 Ohio St. 385, 105 N.E.2d 568 (1952).

■ The cause of action for indemnification based on primary and secondary liability is considered to be an action arising under an "implied contract." Maryland Casualty Co. v. Frederick, supra; 28 O.Jur.2d Indemnity § 12. And the Ohio courts have held that an action arising under an "implied contract" for indemnification is governed by the six-year statute of limitations. Poe v. Dixon, 60 Ohio St. 124, 54 N.E. 86 (1899); Ohio Casualty Insurance Co. v. Capolino, 44 O.L.Abs. 564, 65 N.E.2d 287 (1945); 28 O.Jur.2d Indemnity § 19, p. 326. We conclude that these authorities require reversal of the district court's decision.

We are not persuaded by appellee's argument that this action is governed by the two-year statute of limitations because the "real purpose" of the action is to recover for personal injury and property damage. See, e. g., Andrianos v. Community Traction Co., 155 Ohio St. 47, 97 N.E.2d 549 (1951); Mahalsky v. The Salem Tool Company, 461 F.2d 581 (6th Cir. 1972); Tomle v. New York Central Railroad, 234 F.Supp. 101 (N. D.Ohio 1964). These cases were actions to gain compensation for personal injury or property damage. Here, the "real purpose" of the action is not to recover compensation for damage incurred in the automobile accident but, instead, to obtain indemnification for monies paid to the injured third persons who suffered the damage. This difference is dispositive. In Ohio Casualty Insurance Co. v. Capolino, supra, for example, the plaintiff insurer agreed to indemnify an employer for any loss caused by the negligence of his employees acting in the scope of their employment. Following a motor vehicle accident involving the negligence of employee Capolino, the insurance company paid a damage claim to an injured third person and then proceeded to bring an action against Capolino for indemnification on the theory that he was primarily liable. The court held the action was governed by the six-year statute of limitations for implied contracts and was not barred by the two-year limitations period governing actions for personal injury or property damage. See also Schulz v. Allstate Ins. Co., 17 Ohio Misc. 83, 244 N.E.2d 546 (1968). As in this case, the underlying basis for the implied contract of indemnification was the payment of a tort claim for personal injury and property damage arising from an automobile accident.

We reject appellee's argument that the six-year statute of limitations governs an action for indemnification only when there is contractual privity between the parties. Although the court in Capolino mentioned the contractual relations between the negligent employee and the insured employer as one basis for the "implied contract" of indemnification, the court also relied upon the broader rule that "A person who, without fault, has become subject to tort liability for the unauthorized act and wrongful conduct of another, is entitled to indemnity from the other for expenditures properly made in the discharge of such liability." Ohio Casualty Insurance Co. v. Capolino, supra 65 N.E.2d at 289 ,quoting Restatement of Restitution, p. 418. We have found nothing in Ohio law indicating that, for purposes of determining the applicable statute of limitations in indemnification actions based on primary and secondary liability, a distinction

should be drawn between cases involving parties in privity of contract and those where the parties in fact have no contractual relationship. In either case, the reason for recognizing an "implied contract" of indemnification is not that an agreement to indemnify is implied in fact but, instead, that equitable principles of fairness require the party primarily liable to compensate a party only secondarily or vicariously liable who has been compelled to pay damages that the former should in equity bear. In either case, the existence or non-existence of privity of contract is immaterial in determining the applicable statute of limitations. *Cf.* Perry County v. Newark S. & R. Co., 43 Ohio St. 451, 2 N.E. 854 (1885); Hansen v. City of New York, 43 Misc.2d 1048, 252 N.Y.S.2d 695 (1964).

■ Accordingly, we hold that under Ohio law, the six-year statute of limitations applies to an action for indemnification arising where a party secondarily liable has been compelled to pay damages that should have been borne by a party primarily liable, even if the parties are not in fact in privity of contract.

Reversed and remanded for proceedings not inconsistent with this opinion.

WEICK, Circuit Judge (dissenting).

I respectfully dissent because in my judgment the majority opinion has not correctly applied Ohio law, and that decision conflicts with prior holdings of this Court.

The applicable Ohio statute of limitations in actions for bodily injury or injuring personal property reads in pertinent part as follows:

An action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose. (Ohio Rev.Code § 2305.10).

The cases settled by Ohio Casualty, which formed the basis for its present action in subrogation, were all actions to recover damages for bodily injury or injuring personal property. These injuries were sustained on September 11, 1963, when Ohio Casualty's insured, David Wilson, was operating his truck on a public highway, and the truck left the public road, proceeded across a public sidewalk into a private parking lot, striking several parked cars and finally coming to rest against the side of a building (App. pp. 5–8 Stip.). The collisions resulted in bodily injury and injuring personal property.

Suits for damages for bodily injury and injuring personal property were filed in the state court against Wilson. Ohio Casualty, Wilson's insurer, made the following settlements with the plaintiffs, on the dates indicated:

| Date | Name | Amount |
|---|---|---|
| 1/23/67 | Mary K. Brown and husband (For bodily injury and loss of consortium) | $ 75,000.00 |
| 9/13/68 | Elvarie Rose (For bodily injury) | 3,000 |
| 2/11/70 | Aetna Insurance Co., et al | 3,000 |
| 9/11/67 | Nationwide Mutual Insurance Co. | 750.00 |
| 4/29/68 | Oak Hill Foundry & Machine Works | 2,500.00 |
| 11/13/63 | Charles E. Wilson, (For collision claim) | 1,234.30 |

The suit in the present case was not filed against Ford until August 4, 1972, more than eight years after the accident.

It is clear that all of these suits were for bodily injury or injuring personal property. Had they not been filed in the state court within the two years' period they would all have been absolutely barred by Section 2305.10, Rev.Code of Ohio.

Ohio Casualty contends, however, that its action was for subrogation, and that it was subrogated to the rights of its insured Wilson against Ford; that Ford was the indemnitor, and Wilson the indemnitee; that Ford was primarily liable to the injured parties and that Wilson was secondarily liable. Ohio Casualty contends that its action is governed

by the six-year statute of limitations which provides in pertinent part as follows:

An action upon a contract not in writing, express or implied, . . . shall be brought within six years after the cause thereof accrued. (Ohio Rev.Code § 2305.07).

The trouble with this contention is that Ohio Casualty's suit for subrogation was not an action upon *a contract,* not in writing, express or implied. There was no contractual relationship between Ford and Wilson, or between Ford and any of the injured persons with whom Ohio Casualty made settlements. Their claims against Ford were based solely on negligence and "implied warranty in tort." In Ohio such a remedy is provided and privity is not necessary. Lonzrick v. Republic Steel Co., 6 Ohio St.2d 227, 218 N.E.2d 185 (1966).

This remedy is not based upon "a contract not in writing." There was no contract, either oral or written, here. Hence the six-year statute by its plain language does not apply.

The leading case in Ohio on the application of Section 2305.10 is Andrianos v. Community Traction Co., 155 Ohio St. 47, 97 N.E.2d 549 (1951). In that case the plaintiff sustained bodily injury while riding as a passenger on one of defendant's buses. He attempted to avoid the Ohio two-year statute of limitations by pleading a violation of an oral contract to provide him with safe passage. In Ohio the law of the case is contained in the syllabus, and it reads as follows:

A special statutory provision which relates to the specific subject matter involved in litigation is controlling over a general statutory provision which might otherwise be applicable. (Syl. 1).

Section 11224–1, General Code, providing that an action for bodily injury shall be brought within two years after the cause thereof arose, governs all actions the real purpose of which is to recover damages for injury to the person and losses incident thereto and it makes no difference whether such action is for a breach of contract or strictly in tort. The limitation is imposed on the cause of action and the form in which the action is brought is immaterial. (Syl. 2).

Where a fare-paying passenger sustains bodily injury during his transportation by a common carrier of passengers and thereafter institutes an action against the carrier to recover damages for such injury and the results thereof based on a claimed breach of the implied contract for safe carriage, the two-year limitation for bringing an action prescribed by Section 11224–1, General Code, is controlling and not the six-year limitation contained in Section 11222, General Code, relating to an action on an implied contract. (Syl. 3).

In United States Fid. & Guar. Co. v. Truck & Concrete Equip. Co., 21 Ohio St.2d 244, 257 N.E.2d 380 (1970), the Supreme Court of Ohio, following *Andrianos*, held:

In order to maintain an action in contract for injury *to personal property based upon a contract of sale,* which injury is alleged to be caused by a "breach of an implied warranty of merchantability" under the provisions of the Ohio Uniform Commercial Code covering contracts of sale, the plaintiff must establish a contractual relationship with the defendant. (Syl. 1).

An action in *tort* for damage to personal property, which is based upon the breach of a duty assumed by the manufacturer-seller of a product by reason of the manufacturer's implicit representation of good and merchantable quality and fitness for the intended use when he sells the product, is limited as to the time in which it shall be brought by the provisions of Section 2305.10, Revised Code, which provides that "An action for * * * injuring personal property shall be brought within two years after the cause thereof arose." (Syl. 2).

Under this decision the six-year statute of limitations is not applicable in the absence of a contract. The Court distinguished our decision in Val Decker Packing Co. v. Corn Prods. Sales Co., 411 F.2d 850 (6th Cir. 1969), where we applied the four-year statute of limitations, Ohio Rev.Code § 1302.98 in the Uniform Commercial Code, relating to contracts of sales.

There was no contract in the present case. If any of the injured persons in the present case had sued Ford in tort, for breach of implied warranty, or for negligence, the applicable statute of limitations would be two years. Ohio Casualty's claim for subrogation can rise no higher than its source. 50 Ohio Jur.2d Subrogation, § 26, p. 413. If the subrogor's claim has already been barred, the subrogee is subject to the same limitation.

We followed *Andrianos* in Mahalsky v. Salem Tool Co., 461 F.2d 581 (6th Cir. 1972), and in Sears, Roebuck & Co. v. Cleveland Trust Co., 355 F.2d 705 (6th Cir. 1966).

In *Mahalsky* the action was for breach of contract and of express and implied warranties arising out of the sale of an alleged defective augering machine by one of defendant's distributors to plaintiff. In *Mahalsky*, as in the present case, there was no contractual relationship between the plaintiff and the defendant.

We held that we were bound by the decision of the Supreme Court of Ohio in *Andrianos* and in United States Fid. & Guar. Co., *supra*, and we applied the Ohio two-year statute of limitations despite the claim of breach of contract and of express and implied warranties.

In Sears, Roebuck & Co. v. Cleveland Trust Co., 355 F.2d 705 (6th Cir. 1966), we followed *Andrianos* in a suit brought by a lessee against a lessor to recover damages for breach of the provisions of a lease by the terms of which the lessor agreed to keep the premises in good repair, including the plasterings of all walls and ceilings. The ceiling col-

lapsed. We there quoted from *Andrianos*, as follows:

The issue as to which statute of limitations is applicable in actions for personal injuries arising out of a claimed breach of contract was considered by the Ohio Court in Andrianos v. Community Traction Co., 155 Ohio St. 47, 97 N.E.2d 549, in which the Court determined that Ohio Revised Code Sec. 2305.10, cited above, applies, regardless of the form of the action brought.

The Court there stated:

"Surely the General Assembly did not intend to create different periods of limitation for the recovery of damages growing out of bodily injury, depending on the form of the action brought. No matter what form is adopted, the essence of the action is the wrongful injury, and that it arose from the breach of an express or implied contract is immaterial.

"In other words, the term, 'action', as used in Section 11224–1, General Code [now Ohio Revised Code § 2305.-10], refers to the nature of subject matter thereof and not to its form as a matter of remedial procedure. Whether the action is strictly in tort or for breach of contract, it is nonetheless an action to recover damages for bodily injury and is governed by the two-year limitation prescribed by Section 11224–1, General Code.

"Because in Ohio we have but one form of action, designated a civil action, cases from other jurisdictions the decisions in which turned upon a distinction in the form of action brought, are not pertinent. In those cases, the results depended on whether the suits were in reality tort or contract actions. As has already been pointed out, under the express wording of Section 11224–1, General Code, it makes no difference whether the action to recover damages for bodily injury is in theory ex contractu or ex delicto, nor does it matter that plain-

tiff may elect between the two types of action." (355 F.2d at 707).

Wilson was not a vendor of Ford products. Therefore he could not be held liable for implied warranty on a contract. He could be held liable only for his own negligence.

The appellate decisions relied on by the majority either involve contracts or they conflict with the decisions of the Supreme Court.

The District Judge in the present case was an experienced Ohio lawyer. In my opinion he correctly applied Ohio law. I would affirm.