Paul R. STEYERMARK, Plaintiff,

v.

William von RAAB, Defendant.

Civ. A. No. 87–269–JJF.

United States District Court,
D. Delaware.

April 4, 1988.

Paul R. Steyermark, pro se.

William C. Carpenter, Jr., U.S. Atty., Wilmington, Del., for defendant.

## OPINION

FARNAN, District Judge.

In this Freedom of Information Act, 5 U.S.C. § 552 (1982) ("FOIA") suit, the plaintiff Paul R. Steyermark has filed a motion for summary judgment under Federal Rule of Civil Procedure 56 and for an award of attorneys fees under 5 U.S.C. § 552(a)(4)(E). The defendant, the United States Customs Service, has also moved for summary judgment. For the reasons set forth below, the Court will grant the defendant's motion for summary judgment and will dismiss the plaintiff's action.

## FACTS

On July 24, 1986, the plaintiff wrote a letter to William von Raab, Commissioner of the United States Customs Service, complaining about the conduct of a Customs–Immigration Agent at the Vancouver, B.C., Airport. In his letter, plaintiff alleged that, while passing through Customs at the Vancouver Airport, he was verbally harassed by a Customs–Immigration Agent.

According to the plaintiff, the harassment included the agent requiring the plaintiff to produce a United States Passport solely because the plaintiff spoke with an accent. In addition, the plaintiff alleges that the agent searched the bags of the plaintiff and his wife because the plaintiff had not declared any purchases on his Customs Declaration form. In conclusion, the plaintiff's letter requested that the Customs Service fully investigate his complaint and issue a full report on its inquiry.

After experiencing some delay in the processing of his complaint, the plaintiff sought the assistance of a member of Delaware's congressional delegation. Relevant correspondence received by the legislator from the plaintiff concerning plaintiff's complaint was forwarded to the Regional Commissioner of the United States Customs Service. On November 6, 1986, the Customs Service sent a letter to the legislator summarizing its investigation of the plaintiff's complaint. The Service's letter concluded that the Customs Agent had followed normal procedures in asking the plaintiff for identification and in conducting a baggage inspection. In the letter, the Service stated that the agent had denied making the statements attributed to him by the plaintiff.

On January 6, 1987, the plaintiff submitted a FOIA request to the Regional Commissioner of the defendant. The plaintiff requested three types of documents: (1) all internal correspondence of the agency pertaining to plaintiff's complaint; (2) all written records indicating that the Customs Agent in question had received appropriate training to act as an Immigration Agent; and (3) the most recent document, prior to July 22, 1986, that authorized the United States Customs Agents to also administrate immigration laws. The agency declined to disclose any documents in category 1, relying on 5 U.S.C. § 552(b)(5) which exempts inter-agency or intra-agency memorandums from disclosure under FOIA. The agency did disclose two documents in category 2, but deleted the agent's name from the documents. The deletion was based on the Customs Ser-

vice's policy of not releasing the names of individual inspectors and also on 5 U.S.C. § 552(b)(7)(F) which exempts investigatory records from FOIA disclosure. The agency did supply the plaintiff with the documents requested in category 3.

The plaintiff filed an administrative appeal from the decision with the Washington Office of the Customs Service. In a letter dated May 19, 1987, the Director of the Regulations Control and Disclosure Law Division of the Customs Service affirmed the decision of the Regional Commissioner. The Director noted that the agency's withholding of the agent's name from the category 2 documents was more properly supported by the exemption for personnel, medical, and similar files in § 552(b)(6) rather than the exemption for investigatory records in § 552(b)(7).

## DISCUSSION

Plaintiff's suit in this Court is an appeal from the denial of his FOIA request by the Customs Service. Plaintiff seeks agency disclosure of the documents requested in category 1 of his letter to the Customs Service and also seeks disclosure of the agent's name on the documents disclosed in category 2.

Both plaintiff and defendant have filed motions for summary judgment in this action. The Court can grant summary judgment "if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c). After conducting an *in camera* inspection of the documents requested by the plaintiff, the Court concludes that the defendant is entitled to judgment as a matter of law.

### 1. *Intra–Agency Documents*

■ The three documents in category 1 consist of a U.S. Customs memorandum summarizing the investigation of plaintiff's complaint, a statement from the Customs Agent whose conduct is in issue, and a

draft of a letter from the Customs Service to the Delaware legislator.[1] The Customs Service justified non-disclosure of these documents based on 5 U.S.C. § 552(b)(5) which provides:

> This section does not apply to matters that are—
>
> .    .    .    .    .
>
> (5) inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency; ...

In interpreting Exemption (b)(5), courts have distinguished between predecisional, deliberative documents, and documents that contained final opinions or agency rules. In *N.L.R.B. v. Sears,* 421 U.S. 132, 150, 95 S.Ct. 1504, 1516, 44 L.Ed.2d 29 (1975), the United States Supreme Court stated that Exemption (b)(5) was designed "to protect advisory opinions, recommendations, and deliberations comprising part of a process by which governmental decisions are formulated." The Supreme Court also stated, "The point, plainly made in the Senate report, is that the 'frank discussion of legal or policy matters' in writing might be inhibited if the discussion were made public; and that the 'decisions' and 'policies formulated' would be the poorer as a result." *Id.* at 150, 95 S.Ct. at 1516 (citing S.Rep. No. 813). *See also Renegotiation Board v. Grumman Aircraft Engineering Corp.,* 421 U.S. 168, 186, 95 S.Ct. 1491, 1501, 44 L.Ed.2d 57 (1975) (Exemption 5 coverage extends to predecisional deliberative advice and recommendations); *Cuccaro v. Secretary of Labor,* 770 F.2d 355, 357 (3d Cir.1985) (Exemption 5 affords an executive privilege to an agency for intra-agency documents reflecting deliberative and decision-making processes, advisory opinions, and government recommendations).

The Court finds that the withheld documents fall squarely within the coverage of Exemption (b)(5). The documents are predecisional in nature and relate to the processing and investigation of the plaintiff's

---

**1.** The Government disclosed two other documents to the Court for its inspection. These documents are an October 6, 1986 intra-agency memorandum requesting an investigation of plaintiff's complaint, and the plaintiff's Customs declaration. Plaintiff has stated in a letter to this Court dated October 8, 1987, that he does not seek disclosure of these two documents.

complaint. The withheld documents are certainly not part of the Customs Service's final opinion on the plaintiff's complaint. After an *in camera* review of these documents, it is clear to the Court that disclosure in this case could have an inhibiting effect on the decision-making processes of the Customs Service and other agencies as well. Therefore, the Court finds that, as a matter of law, the defendant does not have to disclose these intra-agency memorandums under 5 U.S.C. § 552(b)(5).

2. *The Agent's Name*

▌ The Customs Service justifies withholding the agent's name from the documents disclosed in category 2 on Exemption (b)(6).[2] This provision provides an exemption from FOIA disclosure for "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). The defendant asserts that the Customs Agent's name fits within the "similar files" language of Exemption (b)(6) and that disclosure would amount to a clearly unwarranted invasion of the agent's privacy.

In interpreting the scope of Exemption (b)(6), the Court is guided by the decision of the United States Court of Appeals for the Third Circuit in *Wine Hobby USA, Inc. v. United States Internal Revenue Service*, 502 F.2d 133 (3d Cir.1974). In *Wine Hobby*, the Third Circuit determined that a list of names and addresses of persons registered with the Bureau of Alcohol, Tobacco & Firearms to produce wine for family use was a "similar file" for purposes of Exemption 6. *Id.* at 135. In support of its ruling, the Court of Appeals stated that a "broad interpretation" of the Exemption's term "similar files" was "necessary to avoid a denial of statutory protection in a case where release of requested materials would result in a clearly unwarranted intrusion of personal privacy." *Id. See also Department of State v. Washington Post Co.*, 456 U.S. 595, 599, 102 S.Ct. 1957, 1960, 72 L.Ed.2d 358 (1982) ("Congress' primary

purpose in enacting Exemption 6 was to protect individuals from . . . injury and embarrassment . . . from the unnecessary disclosure of personal information"). After concluding that the list of names and addresses was a similar file, the *Wine Hobby* Court then balanced the "public interest purpose" associated with the disclosure of the personal information against the "potential invasion of individual privacy." 502 F.2d at 136 (citing *Getman v. N.L.R.B.*, 450 F.2d 670, 677 n. 24 (1971)).

This Court finds that, under the "broad interpretation" of Exemption 6 allowed by the *Wine Hobby* decision, the Customs Agent's name is within the "similar files" wording of Exemption 6. Although the list in *Wine Hobby* contained names and addresses while the current list contains only one name, the Court believes this to be a distinction of no substance. The disclosure of a Customs Agent's name raises the same possibility of an invasion of personal privacy that existed in *Wine Hobby* from the disclosure of the names and addresses. Therefore, the Court will proceed to the second step in the *Wine Hobby* analysis and balance the interests associated with disclosure.

The Court concludes that disclosure of the agent's name would not further any public interest purpose. In the Court's view, there may be public interest concerning whether Customs Agents receive adequate training to act as Immigration Agents or whether agents are authorized to administer the immigration laws in the course of their duties. However, the documents already disclosed by the defendant contain information which satisfy these public interest concerns. The Court does not see how the disclosure of the Customs Agent's name would, under the circumstances of this case, be related to any public interest concerns.

Further, the Court does believe that disclosure of the agent's name could very well lead to an invasion of the agent's privacy.

**2.** The Customs Service originally cited Exemption (b)(7) in support of its decision to withhold the agent's name. However, at oral argument, the defendant withdrew its reliance on Exemption (b)(7) and stated that it was relying solely on Exemption (b)(6).

The only person who is interested in the disclosure of the agent's name is the plaintiff. It is the Court's view that to disclose a law enforcement agent's name merely because a plaintiff requests it under FOIA would unnecessarily subject the agent to possible harassment by persons carrying "grudges against individual agents or law enforcement agents." *Cleary v. F.B.I.*, 811 F.2d 421, 424 (8th Cir.1987) (court refused to disclose FBI Agent's names under Exemption (b)(7)). A plaintiff seeking FOIA disclosure of a law enforcement agent's name must point to a specific, identifiable public interest before such a disclosure under Exemption (b)(6) should be considered. The plaintiff in the instant case has made no such showing of any possible public interest in the disclosure of the Customs Agent's name.

## CONCLUSION

The Court finds that the plaintiff's FOIA request for documents was properly rejected by the defendant based on Exemptions (b)(5) and (b)(6) of the Act. Therefore, the Court will grant the defendant's motion for summary judgment and will deny plaintiff's motion for summary judgment.[3]

An Order will be entered consistent with this Opinion.

Robert Jacobs, of Jacobs & Crumplar, P.A., Wilmington, Del., for plaintiffs.

Joseph A. Gabay, of Goldfein & Joseph, Wilmington, Del., for defendants Atlas Turner, Inc. and Bell Asbestos Mines, Ltd.

---

**3.** The Court will not address the plaintiff's request for attorney's fees because the plaintiff has not "substantially prevailed in this case." *See* 5 U.S.C. § 552(a)(4)(E).