STANDARD AGENCIES, INC., APPELLEE, *v.* RUSSELL ET AL., APPELLANTS.

(No. 719—Decided November 9, 1954.)

*Mr. Russell E. Wise* and *Messrs. Spidel, Staley & Hole,* for appellee.

*Mr. S. E. Mote,* for appellants.

HORNBECK, J. This is an appeal on questions of law from a money judgment in favor of plaintiff, appellee herein, and against defendants, appellants herein, on a verdict of a jury upon direction of the trial judge, at the conclusion of the case, testimony having been offered by both parties. There are eight numbered assignments of error, all of which, except the first and sixth, relate to the verdict, its direction, or the judgment entered thereon. The first assignment is error in overruling defendants' motion for judgment on the pleadings. The fifth assignment is directed to the rejection of testimony offered by the defendants. The sixth is error in overruling defendants' demurrer to the petition. We hold against the appellants on the first and sixth assignments, without comment. We hereinafter discuss the fifth assignment.

The petition, so far as its cause of action is involved here, was for the recovery of an amount claimed to be due on a promissory note payable to plaintiff and signed by the defendants. The note was originally for $636.90, payable $25 per month for a year, and the balance due one year after date. In addition to the promise to pay the amount of the note, it further provided "and attorney's fees." The note was signed and executed on April 13, 1951, at Union City, Indiana. The petition prayed only for the amount shown to be due on the note without attorney's fees. The answer was a general denial; an

averment that defendants are residents of Darke County, Ohio; that the property mentioned in the chattel mortgage set out in the petition was located in Darke County; that the plaintiff was a chattel loan company incorporated under the laws of the state of Indiana; that the note was an Indiana note and provided for eight per cent interest, payments in installments, and attorney fees in addition to eight per cent interest; that plaintiff was not licensed in the state of Ohio to make small loans for more than eight per cent interest; that the note and chattel mortgage were void under the provisions of Section 8624-51, General Code; and that there is no amount due and unpaid on the note because it was satisfied and released under a former judgment.

The material averments of the reply are that because there is no claim made in the petition for attorney fees, the note is not usurious, and denies that it is void or that it in any way violated Section 8624-51, General Code, and generally denies other averments of the answer.

The evidence of the plaintiff supported its averments as to the execution and delivery of the note and the amount shown to be due thereon. The defendants, in support of their answer that the amount claimed to be due on the note had been settled, undertook to establish this fact by the statement of one of the defendants. Objection was interposed to the reception of this testimony and the court refused to admit it upon the best evidence rule. This is the subject of assignment of error No. 5. The court ruled properly.

Defendants also proffered their Exhibit No. 3, which was a summons and order for delivery in a replevin action instituted in Jackson Township, Darke County, Ohio, on an action of the plaintiff herein against the defendants. The court refused to admit this testimony. This ruling, likewise, was proper. The evidence was not defensive.

This was substantially all the testimony which would have been probative of the defense set up in the answer under the admissions of the pleadings.

At the conclusion of the testimony the court sustained the plaintiff's motion for a directed verdict.

The determinative question on the assignments of error

directed to this action is whether or not the plaintiff, by reason of the fact that the note taken in Indiana provided, in addition to eight per cent interest, for the payment by the makers of attorney's fees, can recover.

The general rule is that a contract is governed by the law of the place where it was made or entered into. 17 Corpus Juris Secundum, 338, Section 12c; Restatement of the Law of Conflict of Laws, 408, Section 332. Whether a contract is usurious is to be determined by the *lex loci contractus*. *Corcoran* v. *Powers,* 6 Ohio St., 19; *Findlay* v. *Hall & Colcord,* 12 Ohio St., 610.

As suggested by counsel for appellee, Section 2317.44, Revised Code, authorizes our courts to take judicial notice of the statutes of other states. The small loan statutes of Ohio do not affect the right of the plaintiff to recover on its note because this act applies only to small loan companies doing business in Ohio.

The plaintiff did not offend the public policy of Ohio by attempting to collect attorney's fees.

The applicable statutes of Indiana are before us, Burns Annotated Statutes, Section 19-102 and Section 19-1918. An examination of these sections of the statutes discloses that had plaintiff sought to recover attorney's fees, as provided in its note, such action might not be prohibited in Indiana. If prohibited, the only effect of the applicable provision would have been to render the obligation to pay attorney's fees void; it would not have affected the right to recover on the other provisions of the note, viz., the principal sum and the interest. However, inasmuch as the plaintiff made no claim whatever for the attorney fees and the note being valid at the place where given for the amount shown to be due thereon, there was at the conclusion of the testimony no probative evidence supporting the defense that nothing was due plaintiff.

We find no assignment of error established.

The judgment is, therefore, affirmed.

*Judgment affirmed.*

WISEMAN, P. J., and MILLER, J., concur.