**VAL DECKER PACKING COMPANY, a Corporation, Plaintiff-Appellant,**

v.

**CORN PRODUCTS SALES COMPANY, a Corporation, Defendant-Appellee.**

**No. 18915.**

United States Court of Appeals
Sixth Circuit.

June 9, 1969.

Robert P. Bartlett, Jr., Dayton, Ohio, for appellant, Estabrook, Finn & McKee, by John O. Henry, Thomas A. Holton, Dayton, Ohio, on the brief.

F. Thomas Green, Dayton, Ohio, for appellee, Pickrel, Schaeffer & Ebeling, Dayton, Ohio, on the brief.

Before WEICK, Chief Judge, and O'SULLIVAN and EDWARDS, Circuit Judges.

WEICK, Chief Judge.

We are called upon in this diversity case to determine the applicable Ohio statute of limitations in an action for damages for breach of an implied warranty in the sale of goods by written contract.

In the District Court the defendant contended that the two-year statute of

limitations[1] applied, and filed a motion for summary judgment. Plaintiff contended that since the contract of sale was in writing, the fifteen-year statute[2] was applicable.

The District Judge, relying on Andrianos v. Community Traction Co., 155 Ohio St. 47, 97 N.E.2d 549 (1951), applied the two-year statute. He granted defendant's motion for summary judgment and dismissed the complaint. During oral argument of the appeal the Court inquired of counsel as to the applicability of the four-year statute of limitations contained in the Ohio Uniform Commercial Code.[3] This statute had not been brought to the attention of the District Judge, nor had the point been argued or briefed. Counsel were granted additional time to file supplemental briefs.

The complaint was filed on January 10, 1967. Plaintiff alleged that on October 4, 1962 it had entered into a written contract with the defendant, Corn Products Sales Company, under the terms of which Corn Products agreed to install certain storage facilities and equipment for receiving and storing liquid corn syrup; that Corn Products breached the contract—

"* * * by the improper and defective installation in the storage tank of black iron heating coils which were connected to copper fittings. This improper connection caused electrolysis and deterioration of these connections and thereby allowed moisture and bacteria into the corn syrup which was stored in such tank."

Plaintiff was in the meat processing and packing business in Piqua, Ohio, and used the corn syrup as an ingredient in its meat products. It alleged that due to the presence of moisture and bacteria in the storage tank the corn syrup used in the meat products became spoiled, thereby damaging the meat products. As a result of Corn Products' alleged breach of the contract, plaintiff alleged that it had been damaged in the amount of $25,504.-91, for which amount it prayed judgment.

In its answer Corn Products admitted that it had entered into a contract with plaintiff, but denied that it had breached the contract or that plaintiff was proximately damaged. Corn Products further alleged as an affirmative defense that the action was not brought within the Ohio two-year statute of limitations applicable to injuries to personal property. Corn Products alleged default in payments on the contract and counterclaimed for $900.11, the unpaid balance alleged to be due and owing.

Plaintiff's answers to defendant's interrogatories established that the equipment installation was completed on or about June 20, 1963, and that the spoilage of corn syrup was discovered in July, 1964. The action was commenced two and one-half years after plaintiff discovered the damage but within four years of completion of the installation.

█ The date when the cause of action accrued, in our opinion, is the date on which installation was completed and not the date of discovery of the spoilage. The date of completion does not appear to be disputed.

█ Corn Products contends that since the question of applicability of the four-year statute was not raised in the District Court, it is not properly before

1. Ohio Rev.Code § 2305.10 provides:
"An action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose."

2. Ohio Rev.Code § 2305.06 provides:
"Except as provided in section 1302.-98 of the Revised Code, an action upon a specialty or an agreement, contract, or promise in writing shall be brought within fifteen years after the cause thereof accrued."

3. Ohio Rev.Code § 1302.98 (UCC 2–725) provides:
"(A) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it."

us. We disagree. No new issue has been raised. The only issue before the District Court was whether plaintiff's action was barred by a state statute of limitations. The Court was required to determine which statute was applicable. Having made that determination and dismissed the complaint, its judgment is subject to appellate review, and we have the right to consider all of the statutes and to apply the one which in our judgment is required under Ohio law. We may take judicial notice of the state statutes, Lamar v. Micou, 114 U.S. 218, 5 S.Ct. 857, 29 L.Ed. 94 (1885).

The criteria to be applied in determining the applicability of a statute of limitations was established in Andrianos v. Community Traction Co., *supra*, where the Court held:

> "A special statutory provision which relates to the specific subject matter involved in litigation is controlling over a general statutory provision which might otherwise be applicable." (Syl. 1)

■ We are of the opinion that the plaintiff's action may be properly characterized as an action for breach of an implied warranty of merchantability (Ohio Rev.Code § 1302.27 [UCC 2–314]) or fitness for a particular purpose (Ohio Rev.Code § 1302.28 [UCC 2–315]) under the Ohio Uniform Commercial Code, and that the applicable statute of limitations is the four-year statute provided in the Code. Ohio Rev.Code § 1302.98 (UCC 2–725).

The issue presented here appears to be one of first impression in Ohio for we find no decision of the Ohio Supreme Court or of the lower courts resolving it. Andrianos v. Community Traction Co., 155 Ohio St. 47, 97 N.E.2d 549 (1951), upon which the District Judge relied, did not involve a sales contract. In that case, the plaintiff brought an action for damages for personal injuries

suffered while she was riding on the defendant's bus. The Ohio Supreme Court characterized the action as one for personal injuries as the result of the negligent conduct of the common carrier. The Court rejected the plaintiff's characterization of the case as an action for breach of an implied contract for safe carriage. The Court held that the two-year statute of limitations applicable to bodily injury governed, and not the six-year statute for implied contracts.[4]

Since there are no Ohio decisions in point, we look to other jurisdictions for authority and guidance. In Gardiner v. Philadelphia Gas Works, 413 Pa. 415, 197 A.2d 612 (1964), *rehearing denied*, Feb. 28, 1964, the Supreme Court of Pennsylvania held that an assumpsit action by customers of a gas company for personal injuries sustained as a result of breach of the company's warranty to transmit gas in a safe manner, was governed by the Pennsylvania Uniform Commercial Code four-year statute of limitations[5], and not by Pennsylvania's two-year statute of limitations applicable to actions for damages for personal injuries[6]. The Pennsylvania Supreme Court, in reaching its decision, noted that prior to enactment of the Code, its two-year statute of limitations had been applied to *all* actions for damages for personal injuries, whether arising out of contract or tort.

In rejecting the application of the two-year statute in *Gardiner*, the Court relied upon Sections 10–103, 2–715, and 2–725 of the Uniform Commercial Code. 12A P.S. §§ 10–103, 2–715, and 2–725. Section 10–103 of the U.C.C. provides that—

> "* * * all acts and parts of acts are repealed in so far as they are inconsistent herewith."

The Court held that insofar as the two-year statute was inconsistent with the Code's four-year statute, the two-year statute was repealed. The Court stated

---

4. *Andrianos* arose before Ohio adopted the Uniform Commercial Code.

5. Act of April 6, 1953, P.L. 3, § 2–725, as amended 12A P.S. § 2–725.

6. Act of June 24, 1895, P.L. 236, § 2, 12 P.S. § 34.

that it did not base its decision entirely on Section 10–103, for it relied upon Section 2–715 which provides for consequential damages including personal injuries resulting from any breach of warranty. For further authority the Court cited Section 1–102 of U.C.C.:

"(B) Underlying purposes and policies of such chapters are:

(1) to simplify, clarify, and modernize the law governing commercial transactions;

\* \* \* \* \* \*

(3) to make uniform the law among the various jurisdictions."

The Court in *Gardiner* also relied upon the Comment to Section 2–725, which provides in pertinent part:

"The purposes of this section are to introduce a uniform statute of limitations for sales contracts, thus eliminating the jurisdictional variations and providing needed relief for concerns doing business on a nationwide scale whose contracts have heretofore been governed by several different periods of limitation depending upon the state in which the transaction occurred. This Chapter takes sales contracts out of the general laws limiting the time for commencing contractual actions and selects a four year period as the most appropriate to modern business practice. This is within the normal commercial record keeping period."

The Supreme Court of Pennsylvania concluded in *Gardiner:*

" \* \* \* [I]t was the legislative intent that there be a four year period of limitation on all actions for breach of contracts for sale, irrespective of whether the damages sought are for personal injuries or otherwise." *Id.,* 197 A.2d at 614.

The rule in *Gardiner* has been followed by the Pennsylvania Supreme Court in Rufo v. Bastian Blessing Co., 417 Pa. 107, 207 A.2d 823 (1965) and by the District Court for the Western District of Pennsylvania in Bobo v. Page Eng'r

Co., 285 F.Supp. 664 (W.D.Pa.1967), *aff'd,* 395 F.2d 991 (3rd Cir. 1968).

The only decision which we have found contrary to *Gardiner* is that of a Connecticut Common Pleas Court in Abate v. Barkers of Wallingford, Inc., 27 Conn. Supp. 46, 229 A.2d 366 (1967), in which the Court applied the Connecticut three-year statute of limitations for tort actions to bar an action for breach of an alleged implied warranty of fitness. The *Abate* decision has been disapproved by Code authorities. Willier and Hart, 2 U.C.C. Rep. & Dig. 2–693 (1969).

The Ohio General Assembly enacted the Uniform Commercial Code into law, effective July 1, 1962. The Code provides for implied warranties of merchantability and fitness as noted above. Ohio Rev.Code §§ 1302.27 and 1302.28. Ohio, like Pennsylvania, adopted the four-year statute of limitations for sales contracts. Ohio Rev.Code § 1302.98 (UCC 2–725). In so doing, the General Assembly amended the six-year statute of limitations for implied contracts and the fifteen-year statute for express contracts to provide an exception for sales contracts within the provisions of Ohio Rev.Code § 1302.-98 (UCC 2–725). The two-year statute remained unaltered.

Unlike Pennsylvania, however, the Ohio Assembly did not enact Section 10–103 of the Code, the repealer provision; yet it did enact Section 1–102, Ohio Rev.Code § 1302.02, which provides that the Code be construed liberally and consistent with the underlying policy of uniform laws governing commercial transactions.

In 48 Ohio Jur.2d, Sales, at page 356 the author states:

"The 4-year period under the Code would likely apply in the case of an action against a manufacturer or seller for breach of warranty or negligence in a products liability case resulting in personal injury or property damage. At least it has been so held in another Code jurisdiction."

**854**

The decision of the Supreme Court of Pennsylvania in *Gardiner* is cited as authority.

Applying the criteria in *Andrianos*, it follows that the specific statute of limitations relating to the specific subject matter of sales in the Ohio Uniform Commercial Code controls over the general statute of limitations dealing with actions for injuries to person or property.

Reversed and remanded.