UNITED STATES FIDELITY & GUARANTY CO., APPELLANT, *v.* TRUCK & CONCRETE EQUIPMENT CO., APPELLEE.

(No. 69-352—Decided March 25, 1970.)

*Messrs. Spengler, Nathanson, Heyman, McCarthy & Durfee* and *Mr. Norman J. Rubinoff,* for appellant.

*Messrs. Slabaugh, Walker, Pflueger, Roderick & Myers* and *Mr. Robert L. Myers,* for appellee.

O'NEILL, J. The question which this cause presents is whether the statute of limitations to be applied is the two-year statute of limitations, provided by Section 2305.10, Revised Code, or the four-year statute of limitations of the Ohio Uniform Commercial Code, Section 1302.98, Revised Code.

Section 1302.98, Revised Code, provides:

"(A) An action for breach of any *contract for sale* must be commenced within four years after the cause of action has accrued. By the original agreement the *parties* may reduce the period of limitation to not less than one year but may not extend it." (Emphasis added.)

The cause of action referred to in Section 1302.98, Revised Code, is an action in contract based upon a contract for sale.

Nicholson, the appellant's subrogor, was not a party to the contract between the appellee and the Auto Fleet Lease Company.

Appellant attempts to rely upon the case of *Val Decker Packing Co.* v. *Corn Products Sales Co.* (6th Cir. 1969), 411 F. 2d 850.

The question which the Court of Appeals considered in that case was whether the four-year statute of limitations provided in the Uniform Commercial Code, Section 1302.98, Revised Code, or the two-year statute of limitations, Section 2305.10, Revised Code, applicable to all actions for injury to personal property, was controlling.

In *Val Decker, supra,* the plaintiff brought an action for the breach of an implied warranty of a *written contract for sale.* The plaintiff and the defendants were *parties to that contract.* The dispute between the parties in the District Court was as to whether the 15-year statute of limitations, applicable to contracts in writing (Section 2305.06, Revised Code), should be applied to a case arising from a breach of an implied warranty of a written contract for sale, or the two-year statute of limitations provided in Section 2305.10, Revised Code, should be applied. The Uniform Commercial Code's four-year statute of limi-

tations, Section 1302.98, Revised Code, was not brought to the attention of the District Court. The District Judge held that the two-year statute of limitations, Section 2305.10, Revised Code, was controlling on authority of *Andrianos* v. *Community Traction Co.* (1951), 155 Ohio St. 47. The court apparently reasoned that the two-year statute of limitations, Section 2305.10, Revised Code, was a specific statute with regard to actions for injury to personal property, and that the 15-year statute of limitations, Section 2305.06, Revised Code, was a general statute and that, therefore, on authority of *Andrianos, supra,* paragraph one of the syllabus, the special statutory provision relating to a specific subject matter is controlling over a general statutory provision which might otherwise be applicable.

Upon appeal, the United States Court of Appeals, Sixth Circuit, took judicial notice of the four-year statute of limitations in the Ohio Uniform Commercial Code, Section 1302.98, Revised Code, reversed the District Court and held that where the plaintiff and defendant were parties to a written contract and the cause of action was for the breach of an implied warranty of a contract for sale in writing, the specific four-year statute of limitations provided in the Uniform Commercial Code, Section 1302.98, Revised Code, was controlling, rather than the general two-year statute of limitations, Section 2305.10, Revised Code, applicable to all actions for injury to personal property. Since the question had not been decided by this court or any Ohio court, the United States Court of Appeals relied upon cases decided in other jurisdictions which have considered the question. *Gardiner* v. *Philadelphia Gas Works* (1964), 413 Pa. 415, 197 A. 2d 612, rehearing denied, February 28, 1964; *Rufo* v. *Bastion-Blessing Co.* (1965), 417 Pa. 107, 207 A. 2d 823; *Bobo* v. *Page Engineering Co.* (W. D. Pa. 1967), 285 F. Supp. 664.

The court did apply the reasoning of the *Andrianos case, supra,* as indicated by the following language from the opinion:

"Applying the criteria in *Andrianos*, it follows that the specific statute of limitations relating to the specific subject matter of sales in the Ohio Uniform Commercial Code controls over the general statute of limitations dealing with actions for injuries to person or property."

The question which was considered and determined by the court in *Val Decker, supra*, is not presented by the instant case, because there is no contractual relationship between the plaintiff and the defendant as there was in *Val Decker, supra*.

Plaintiff attempts to rely upon *Lonzrick v. Republic Steel Corp.* (1966), 6 Ohio St. 2d 227, for authority to bring his action in contract under the provisions of the Uniform Commercial Code* and thereby gain the benefit of the four-year statute of limitations. *Lonzrick, supra*, does not support plaintiff's position. In *Lonzrick, supra*, at page 229, it is stated:

"* * * In such a case [a products liability case], there are three possible causes of action which the plaintiff may pursue:

---

*It should be noted that under the provisions of the Uniform Commercial Code, Section 1302.31, Revised Code, the seller's warranty under a sales contract is extended to natural persons not parties to the contract by the following language:

"A seller's warranty whether express or implied extends to any natural person who is in the family or household of his buyer or who is a guest in his home if it is reasonable to expect that such person may use, consume, or be affected by the goods and *who is injured in person* by breach of the warranty. A seller may not exclude or limit the operation of this section." (Emphasis added.)

This section does not extend the benefit of the four-year statute of limitations provided under the Uniform Commercial Code, Section 1302.98, Revised Code, to the plaintiff in the instant case because (1) neither the plaintiff nor the plaintiff's subrogor was a party to the contract with the defendant; (2) if plaintiff were a party to the contract, plaintiff would not qualify as a "natural person" for the reason that neither the plaintiff nor plaintiff's subrogor is a "natural person"— both are corporations, and (3) the language in Section 1302.31, Revised Code, limits recovery to one "who is injured in person." The instant action is not for personal injury, but for injury to personal property.

"* * *

"(2) A cause of action which is based upon contract. Such a cause of action requires that there be a contractual relationship between the plaintiff and the defendant. * * *"

Plaintiff cannot rely upon *Lonzrick* in this regard, since he does not allege a contractual relationship between the plaintiff and the defendant. On the undisputed facts in the instant case, there was no contractual relationship between the plaintiff and the defendant nor between the plaintiff's subrogor and the defendant because neither the plaintiff nor his subrogor was a party to the contract for sale.

*Andrianos, supra,* is not dispositive of the instant case. In *Andrianos,* the petition alleged that the plaintiff and the defendant were parties to a contract not in writing.

In that case, the plaintiff alleged that he entered into a contract with the defendant for safe passage as a paying passenger on defendant's bus and that the defendant, in violation of its contract to provide safe passage, breached that contract and by reason of that breach plaintiff suffered personal injuries.

The question presented to the court was whether the six-year statute of limitations, Section 11222, General Code, now Section 2305.07, Revised Code, applicable to contracts not in writing, or the two-year statute of limitations, Section 11224-1, General Code, now Section 2305.10, Revised Code, applicable to actions for personal injury, was controlling?

This court, in *Andrianos, supra,* held that the two-year statute of limitations was controlling on the ground that it was a specific statute of limitations with regard to an action for bodily injury, while the six-year statute of limitations was a general statute governing contracts not in writing.

The instant case does not present the question which was determined by this court in *Andrianos, supra.* In that case, the plaintiff and the defendant were alleged to be parties to a contract and the cause of action was in con-

tract. That case was determined before the Uniform Commercial Code was enacted.

In the instant case, the plaintiff and defendant are not parties to a sales contract. The action is for injury to personal property. The petition does not state an action in contract under the Uniform Commercial Code, Chapter 1302 (Sales), Revised Code, nor under the holding in *Lonzrick, supra.*

The cause of action stated in the amended petition in the instant case is in tort, based upon an alleged breach of a duty assumed by the manufacturer-seller (appellee) of the truck on authority of *Lonzrick, supra.* Paragraph one of the syllabus in *Lonzrick, supra,* reads as follows:

"The plaintiff in a products liability case is not restricted to prosecuting his action on the basis of negligence alone but *may proceed in an action in tort based upon the theory of an implied warranty, notwithstanding that there is no contractual relationship between the plaintiff and the defendant. (Rogers v. Toni Home Permanent Co.,* 167 Ohio St. 244, and *Inglis v. American Motors Corp.,* 3 Ohio St. 2d 132, approved and followed; paragraph two of the syllabus of *Wood v. General Electric Co.,* 159 Ohio St. 273, and *Welsh v. Ledyard,* 167 Ohio St. 57, overruled.)" (Emphasis added.)

In the instant case, since there was no contractual relationship between the plaintiff and the defendant, the 15-year statute of limitations, Section 2305.06, Revised Code, applicable to written contracts, does not apply; the six-year statute of limitations, Section 2305.06, Revised Code, applicable to contracts not in writing, does not apply; and the four-year statute of limitations in the Uniform Commercial Code, Section 1302.98, Revised Code, applicable to contracts for sale, does not apply.

The petition in the instant case alleges an action in tort based upon the breach of an implied warranty, which warranty arises from the duty assumed by the manufacturer-seller of a product by reason of his implicit repre-

sentation of good and merchantable quality and fitness for the intended use when he sells the product, where the injury to a person or to property could be reasonably anticipated, even though the manufacturer-seller had no contractual relationship with the person injured or with the owner of the property injured.

Section 2305.10, Revised Code, provides that "An action for * * * injuring personal property shall be brought within two years after the cause thereof arose."

It is agreed that the cause of action in the instant case accrued more than two years prior to the filing of the original petition. Therefore, the action in the instant case is barred by the provisions of Section 2305.10, Revised Code.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

LEACH, HERBERT, DUNCAN and CORRIGAN, JJ., concur.

TAFT, C. J., concurs in paragraph two of the syllabus and in the judgment.

SCHNEIDER, J., concurs in the syllabus and in the judgment.

LEACH, J., of the Tenth Appellate District, sitting for MATTHIAS, J.