Edward **MAHALSKY** and Paul **Logue**
et al., Plaintiffs-Appellants,

v.

The **SALEM TOOL COMPANY,**
Defendant-Appellee.

No. 72–1034.

United States Court of Appeals,
Sixth Circuit.

June 14, 1972.

Richard M. Markus, Cleveland, Ohio, for plaintiffs-appellants; Sindell, Sindell, Bourne, Markus, Stern & Spero, Cleveland, Ohio, on brief.

Barry L. Springel, Cleveland, Ohio, for defendant-appellee; James C. Sennett, Jr., Jones, Day, Cockley & Reavis, Cleveland, Ohio, on brief; Robert W. Poore, Jones, Day, Cockley & Reavis, Cleveland, Ohio, of counsel.

Before WEICK, EDWARDS and CELEBREZZE, Circuit Judges.

WEICK, Circuit Judge.

This is a products liability case involving questions of conflict of laws. The suit was brought in the United States District Court for Northern Ohio, by Global Coal Mining Company (Global), a Pennsylvania partnership, against an Ohio manufacturer, The Salem Tool Company (Salem), to recover damages for breach of contract and of express and implied warranties, arising out of the sale to Global by Salem's distributor, Boyer Equipment Company (Boyer), of an allegedly defective augering machine or coal recovery drill, which is used to extract pieces of coal from exposed seams of coal. It was alleged that the augers cracked or broke during drilling operations, and that plaintiffs were forced to cease their mining business, and sustained damages as a result thereof.

Jurisdiction of the Court was based on diversity of citizenship.

The defendant filed a motion for summary judgment on the ground that plaintiffs' action was barred by Ohio's two-year statute of limitations, Ohio Rev.Code § 2305.10, which provides as follows:

"§ 2305.10 Bodily injury or injury to personal property.

"An action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose."

The District Judge considered the motion on evidence consisting of discovery depositions and answers to interrogatories. In a well-considered memorandum opinion and order, the District Judge held that plaintiffs' action, which was filed more than twenty-eight months after the damage to the auger and the cessation of operations of plaintiffs' business, was barred by the two-year Ohio statute of limitations. Plaintiffs appeal. We affirm.

Neither side disputes the fact that Pennsylvania substantive law is controlling. The District Court reached this result, correctly concluding that in this diversity case Ohio conflict of laws rules govern. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941).

In his memorandum opinion the District Judge stated:

"Applying either the place of making rule, 9 O.Jur.2d Conflict of Laws § 62 (1954), or the place of performance rule, 9 O.Jur.2d Conflict of Laws § 53 (1954), it would appear that the substantive law of Pennsylvania is controlling. See Standard Agencies, Inc. v. Russell, 100 Ohio App. 140, 143; 135 N.E.2d 896 (Drake County, 1954) and Alropa v. Kerchwehm [Kirchwehn], 138 Ohio St. 30; 33 N.E.2d 655 (1941). See also Pipe Welding Supply Co. v. Gas Atmospheres, Inc., 201 F.Supp. 191 (N.D.Ohio 1961). The contracts between plaintiffs and Boyer Equipment Company were made in Pennsylvania; negotiations pursuant to the contracts occurred in Pennsylvania; and delivery of the augering machine 'the last act necessary to make the contract complete,' Brocalsa Chemical Co. v. Langenskamp [Langsenkamp], 32 F.2d 725, 729 (6th Cir. 1929), occurred in Pennsylvania."

Global contends that the form of its action is in contract for breach of contract and that the four-year statute of limitations contained in the Uniform Commercial Code for actions in contract, which Code was in force in both Ohio and Pennsylvania, applies. Oh.R.C. § 1302.98; Pennsylvania Statutes Annotated, Ch. 12a, § 2–725.

The only trouble with this contention is that questions relating to the form of the action, i. e., the remedy, are procedural and are to be determined by the law of the forum. Bank of U. S. v. Donnally, 8 Pet. 361, 33 U.S. 361, 8 L.Ed. 974 (1834); LeRoy v. Beard, 8 How. 451, 49 U.S. 451, 12 L.Ed. 1151

(1850); Willard v. Wood, 135 U.S. 309, 10 S.Ct. 831, 34 L.Ed. 210 (1890); Marks v. Kindel, 41 F.2d 584, 585 (6th Cir. 1930). In an action in the United States District Court in Ohio, the procedural law of Ohio must be applied in determining whether the cause of action sounds in tort or contract, and in deciding what is the appropriate statute of limitations. Levine v. Levine, 209 F. Supp. 564 (D.Del.1962).

As Mr. Justice Story stated in *Donnally, supra,* 8 Pet. at 372:

"The general principle adopted by civilized nations is, that the nature, validity, and interpretation of contracts, are to be governed by the law of the country where the contracts are made, or are to be performed. But the remedies are to be governed by the laws of the country where the suit is brought; or, as it is compendiously expressed, by the *lex fori.* No one will pretend, that because an action of covenant will lie in Kentucky, on an unsealed contract made in that State, therefore, a like action will lie in another State, where covenant can be brought only on a contract under seal. It is an appropriate part of the remedy, which every State prescribes to its own tribunals, in the same manner in which it prescribes the times within which all suits must be brought. The nature, validity, and interpretation of the contract may be admitted to be the same in both States; *but the mode by which the remedy is to be pursued, and the time within which it is to be brought, may essentially differ.* The remedy, in Virginia, must be sought within the time, and in the mode, and according to the descriptive characters of the instrument, known to the laws of Virginia, and not by the description and characters of it, prescribed in another State."

See also: Restatement, Conflict of Laws, § 587 (1934); Restatement (Second), Conflict of Laws, § 124 (1971). This general principle is the law of Ohio, 9 Oh.Jur.2d, Conflict of Laws, § 111 (1954).

Global complains about the age of some of the decisions of the Supreme Court of the United States. The fact that they are old does not make them bad. They have withstood the ravages of time and have never been overruled. The principle which they have enunciated has been followed and applied in recent cases and authority as we have shown.

Although in federal practice we have only one form of action known as a civil action, it is frequently necessary to determine the nature and character of the civil action in order to adjudicate the rights of the parties. It was necessary to do so in the present case.

■ Ohio has no remedy for and does not recognize an action in contract absent privity, 11 Oh.Jur.2d Contracts, § 171, but Pennsylvania has. Kassab v. Central Soya, 432 Pa. 217, 246 A.2d 848 (1968). Here, no privity existed between Global and Salem, so that such an action in contract cannot be maintained in Ohio. Under Pennsylvania law, a contract action would lie in that state and its 4-year statute of limitations for actions on contract would govern.

■ The Ohio Supreme Court held that without privity an action in tort for injury to personal property due to a defective product can be maintained for breach of an implied warranty, and it is subject to the two-year statute of limitations under Oh.R.C. § 2305.10. Lonzrick v. Republic Steel Corp., 6 Ohio St.2d 227, 218 N.E.2d 185 (1967); United States Fidelity & Guaranty Company v. Truck and Concrete Equipment Company, 21 Ohio St.2d 244, 257 N.E.2d 380 (1970). Thus, Global's first cause of action for breach of implied warranty is barred by the Oh.R.C. § 2305.10 2-year limitations period in Ohio.

■ Global's second cause of action alleges that Salem was careless and negligent in its representations and in the design and manufacture of the augering machine. It appears that § 2305.10 also applies here, for "This statute governs all actions the real purpose of which is

to recover damages for injury to personal property . . . ." 34 Oh.Jur.2d Limitation of Actions, § 30 (1958). Andrianos v. Community Traction Co., 155 Ohio St. 47, 97 N.E.2d 549 (1951). *United States Fidelity, supra,* makes it clear that the present action, in Ohio, is one for injury to personal property.

■ Global contests this result arguing that a contract did exist between Salem and Global because Boyer acted as an apparent agent for Salem. Global asserts that at the very least there exists conflicting evidence as to this issue and that it was improper to grant summary judgment. We are of the opinion, however, from our reading of the record that the District Court was correct in concluding that "the factors relied upon by plaintiffs fall short of establishing a genuine issue of material fact in regard to whether Boyer was acting as an apparent agent of defendant." The only written contract for purchase of the machine stated that Boyer was the seller, and Global the buyer. A C.I.T. Corp. conditional sales contract involved in the financing of the purchase stated the same thing. In his deposition, Mahalsky, one of Global's partners, admitted that Global's contract was with Boyer. Nor does it appear that Boyer was ever held out as having authority to contractually bind Salem. Moreover, when Global first contacted Salem, Mahalsky was explicitly "informed that I was supposed to do all my business with Boyer and not to call Salem." Although Global, in its complaint, alleged a contract with Salem, it offered no proof to support it.

In a second attempt to avoid the application of Oh.R.C. § 2305.10, Global asserts that this action does not involve "injury personal property." Global endeavors to distinguish *United States Fidelity* on the ground that the plaintiffs in that case sought reimbursement for physical damage to a concrete mixer unit. (The top, or mixer section, of a concrete mixer truck fell from its chassis, damaging both the mixer unit and the chassis.) Here, however, damages are sought for failure of a machine to function properly, with a resultant inability to use it and a loss of profits. This injury resulted, however, from the cracking or breaking of the augers during drilling operations.

In our opinion, the Ohio Supreme Court clearly would interpret this action as one governed by Oh.R.C. § 2305.10. Global alleges a breach of express and implied warranties by the defendant manufacturer. In *United States Fidelity, supra,* in syllabus 2, the Court said:

"2. An action in *tort* for damage to personal property, which is based upon the breach of a duty assumed by the manufacturer-seller of a product by reason of the manufacturer's implicit representation of good and merchantable quality and fitness for the intended use when he sells the product, is limited as to the time in which it shall be brought by the provisions of Section 2305.10, Revised Code, which provides that 'An action · for * * * injuring personal property shall be brought within two years after the cause thereof arose.' "

Although we might not characterize the instant case as one for "injuring personal property", we are bound by the Ohio Supreme Court's holding that an action such as this one be so characterized. We are also bound by the holding that the limitations for such an implied warranty action is governed by Oh.R.C. § 2305.10, rather than § 2305.09, the general catchall limitations period of four years for tort actions not specifically covered by other sections of the code. The statute of limitations for fraud has no application since there was no allegation or proof of fraud.

■ Global urges that a refusal by the Ohio courts to recognize its right to bring its alleged contract action under controlling Pennsylvania law would violate the full faith and credit clause of the United States Constitution. With

this contention we cannot agree. A forum state need not give full faith and credit to the procedural laws of another state; and questions concerning the appropriate form of action and, consequently, the applicable statute of limitations, are procedural matters. Wells v. Simonds Abrasive Co., 345 U.S. 514, 73 S.Ct. 856, 97 L.Ed. 1211 (1953); M'Elmoyle v. Cohen, 13 Pet. 312, 38 U.S. 312, 10 L.Ed. 177 (1839); Home Insurance v. Dick, 281 U.S. 397, 50 S.Ct. 338, 74 L.Ed. 926 (1930).

The District Court's decision did not deny full faith and credit to Pennsylvania law.

The judgment of the District Court must be affirmed.