**REFRIGERATION SYSTEMS COMPANY, Plaintiff,**

v.

**POLARSPAN CORPORATION, et al., Defendants.**

No. C–2–81–831.

United States District Court, S.D. Ohio, E.D.

April 8, 1983.

Ronald Solove, Columbus, Ohio, for plaintiff.

Elbert J. Kram, Marshall L. Lerner, Bricker & Eckler, Columbus, Ohio, Richard A. Frye, Lise K. Jacobson, Knepper, White, Arter & Hadden, Columbus, Ohio, for defendants.

MEMORANDUM AND ORDER

DUNCAN, District Judge.

This is a diversity action in which plaintiff seeks to recover damages from the manufacturer of allegedly defective wall panels which plaintiff used in a construction project. Plaintiff has also sued two of the manufacturer's suppliers and one of its sales agents. Currently before the Court are the separate motions of the two suppliers for summary judgment. Both contend that plaintiff's claims against them are barred by Ohio's two-year statute of limitations for tort actions. In the alternative, both assert that plaintiff has failed to state a cause of action for breach of express or implied warranties because there was no privity of contract between plaintiff and either of them.

Both sides have briefed and argued their respective positions thoroughly. Upon review of these pleadings, as well as the arguments of counsel, the Court concludes that defendants' motions are well taken.

## I

Plaintiff Refrigeration Systems Company is an Ohio corporation which is in the business of constructing cold-storage facilities. During 1978 and 1979, plaintiff was engaged in putting up such a facility at a warehouse in Columbus. The plans called for use of a specific type of insulated wall panel made of aspenflake board laminated to a form core and covered with "skins" of steel, aluminum, or reinforced fiberglass. Plaintiff contracted for the manufacture of these panels with defendant Polarspan Corporation, a Wisconsin firm. The details of this contract were made final in August or September of 1978.

In assembling the panels, Polarspan used fiberglass skins which it had purchased from defendant Kalwall Corporation, a New Hampshire supplier. Polarspan also used a contact adhesive made by defendant Eschem, Inc., an Illinois corporation, to bind the various layers of the wall panels together. It is not entirely clear whether representatives from either Kalwall or Eschem ever entered into the negotiations which took place between plaintiff and Polarspan. It is undisputed, however, that no express agreements were made between plaintiff and either of the two suppliers.

The panels were delivered and installed in February 1979. During this process, however, they began to delaminate and discolor. Within a short time, the delamination had become widespread, and the panels proved worthless despite Polarspan's efforts to repair them. They were replaced at plaintiff's expense in the spring of 1980. This lawsuit was filed on July 7, 1981.

The first count of the complaint is directed at Polarspan and alleges breach of contract. The second count charges that Kalwall made certain representations to Polarspan regarding the ability of the fiberglass skins to withstand exposure to sunlight, and that said representations constituted express and implied warranties to plaintiff which were subsequently breached. The third count alleges that the adhesive sold by Eschem was not fit for its intended use, and that Eschem thereby breached its implied warranty of merchantability to plaintiff and Polarspan. It is these latter two counts at which the motions for summary judgment are aimed.

## II

The parties agree that this case is governed by Ohio's procedural law, including its conflict of law rules and its statutes of limitations. *Accord, Mahalsky v. Salem Tool Co.,* 461 F.2d 581 (6th Cir.1972); *McCluskey v. Rob San Services, Inc.,* 443 F.Supp. 65, 68 (S.D.Ohio 1977). *See also, Wells v. Simonds Abrasive Co.,* 345 U.S. 514, 73 S.Ct. 856, 97 L.Ed. 1211 (1953); 1A, Part 2 *Moore's Federal Practice* ¶ 0.311[1] (2d ed. 1982). They do not agree on which of Ohio's countless statutes of limitations apply, though. Plaintiff characterizes its cause of action against the suppliers as sounding in contract under Article II of the Uniform Commercial Code, R.C. 1302.01 *et seq.* As such, it is argued that the four-year limitation imposed by R.C. 1302.98 for Article II contract actions should apply. Defendants, however, urge that those two counts actually sound in tort and are thus governed by R.C. 2305.10 which sets a two-year limit on the commencement of "any action for bodily injury or injuring personal property." They contend that the warranty allegations against them cannot be viewed as contract claims because Ohio's substantive law does not recognize a U.C.C. breach of warranty action absent privity of contract.

At issue, therefore, is whether the counts in question can properly be characterized as U.C.C. warranty claims despite the fact that no privity of contract is alleged in the pleadings. If they can, then R.C. 1302.98 applies, and plaintiff's claims are timely. If they cannot, then the claims are plainly barred under R.C. 2305.10, for more than two years passed between the onset of the damage in February 1979 and the filing of the complaint in July 1981. *See Clutter v. Johns-Manville Corp.,* 646 F.2d 1151, 1156-57 (6th Cir.1981).

## A

At first glance, defendants' reliance on Ohio's substantive law to characterize the claims of plaintiff seems a bit misplaced, for it is clear that the substantive law of Wisconsin, and not Ohio, applies here. *See*, Part B, *infra.* Defendants' position derives substantial support from the pertinent case law, however. In *United States Fidelity & Guaranty Co. v. Truck & Concrete Equipment Co.*, 21 Ohio St.2d 244, 257 N.E.2d 380 (1970), for instance, the Supreme Court of Ohio refused to apply the longer U.C.C. statute of limitations because the complaint involved did not allege any contractual relationship between the litigants. Although the court did not comment directly on situations in which the substantive law of another state might apply, it did intimate that since Ohio has chosen to make privity of contract a prerequisite for recovery in Article II breach of warranty cases, complaints which do not allege privity should be viewed as sounding in tort and therefore subject to the shorter limitation period of R.C. 2305.10.

Since *USF & G*, the Supreme Court of Ohio has not had occasion to determine whether or not this rule applies to actions which are governed by the substantive law of a state other than Ohio. The Sixth Circuit, however, has. In *Mahalsky v. Salem Tool Co.*, 461 F.2d 581 (6th Cir.1972), the court held that a breach of warranty claim arising under Pennsylvania law could not be maintained under Ohio's four-year statute of limitations unless the complaint contained allegations of privity between the litigants. The court recognized that since Pennsylvania does not require privity, the complaint at issue was sufficient to state a cause of action for breach of warranty under Pennsylvania's version of Article II. It opined nonetheless that the complaint had to be evaluated in light of Ohio law for purposes of determining the proper statute of limitations. It therefore affirmed the dismissal of plaintiff's claims.

Arguably, this is an unduly harsh result. In effect it allows an aspect of Ohio's substantive law—the privity requirement—to control what is essentially a procedural question, namely the proper statute of limitations to apply. Under some circumstances, it also allows an otherwise worthy plaintiff effectively to be denied access to an Ohio court (and perhaps to any court at all) despite the fact that his or her complaint adequately avers all that is necessary to maintain a cause of action under the applicable substantive law. I believe a better rule would allow the complaint to be evaluated without regard to the forum state's pleading requirements, or at least in light of the substantive law under which the case is to be decided. This might, perhaps, require more complex scrutiny of the pleadings by the courts, but it would lead to a less arbitrary selection of the appropriate limitations period.

## B

Fortunately, this case can be decided without resort to the somewhat draconian rule posited in *Mahalsky.* Plaintiff does not dispute the contention that the substantive law of Wisconsin controls here, and since the contract between it and Polarspan was performed in Wisconsin, Ohio's place-of-performance rule would indeed appear to govern. *See Alropa v. Kirchwehn*, 138 Ohio St.2d 30, 33 N.E.2d 655 (1941); *see also Mahalsky, supra*, 461 F.2d 583. Like Ohio, moreover, Wisconsin generally requires privity in breach of warranty actions under the U.C.C. *Dippel v. Sciano*, 37 Wis.2d 443, 155 N.W.2d 55 (1967); *Lacrosse v. Schubert, Schroeder & Associates*, 72 Wis.2d 38, 240 N.W.2d 124 (1976); *see also Drake v. Wham-O Mfg. Co.*, 373 F.Supp. 608 (E.D.Wis.1974). Consequently, even if plaintiff's action could somehow be fit within Ohio's four-year limitations period, it would necessarily fail under the commercial law of Wisconsin because there was never a contract between plaintiff and Eschem or Kalwall.

Plaintiff attempts to avoid this conclusion by contending that Kalwall made express warranties to it during its negotiations with Polarspan. This is important, according to plaintiff, because Wisconsin

law does not—or should not—require privity in express warranty cases.

Plaintiff's interpretation of Wisconsin law finds little support in that state's case law, however. Although the Wisconsin Supreme Court has discussed the privity requirement only in implied warranty cases, it has not, in articulating the rule for U.C.C. cases generally, distinguished between warranties which are expressly made and those that are implied by law. *See Dippel v. Sciano, supra,* and *Cohan v. Associated Food Farms, Inc.,* 261 Wis. 584, 53 N.W.2d 788 (1952). Like other jurisdictions, Wisconsin has abolished the privity rule in "implied warranty" actions sounding in tort, but it has clearly not done so in contract cases, and there is no Wisconsin authority which even suggests that privity is not needed in order to maintain suit on an express warranty between a seller and a remote buyer. *Id.*

In fact, at least one Wisconsin court has held just the opposite. In *Barlow v. DeVilbiss Co.,* 214 F.Supp. 540 (E.D.Wis.1963), the district court dismissed both express and implied warranty claims against a seller whose product allegedly injured two employees of the buyer. The court did not elaborate at great length on the distinction between implied and express warranties, but it did apply the privity requirement to both, and it also rejected plaintiff's urgings to abolish the rule in implied warranty contract cases. In doing the latter the court observed that:

> the proper function of this court in diversity cases is to apply state law as it *now* exists and not to make new law by trying to anticipate what the Wisconsin Supreme Court may rule in the next case before it. If the law is to be changed, it must be changed by the Wisconsin Supreme Court.

214 F.Supp. 543.

This statement of course, was made in a slightly different context than that which exists here, but it is highly appropriate to this case anyway. Notwithstanding the opinions of commentators and other state courts, there is simply nothing in the perti-

nent Wisconsin case law upon which to base a pronouncement that privity should not be required for actions on express warranties. To so hold would be inconsistent both with the implications of recent Wisconsin Supreme Court decisions and with this Court's limited powers as an interpreter of state common law. This Court must therefore decline plaintiff's invitation to expand Wisconsin's cause of action for breach of warranty.

Accordingly, plaintiff's claims are not saved by the allegation that Kalwall expressly warranted the performance of its wall skins to plaintiff. Since there is no question that privity never existed between plaintiff and Kalwall or Eschem, those two suppliers are entitled to judgment as a matter of Wisconsin law.

### III

For these reasons, the motions of defendants Kalwall Corporation and Eschem, Inc. for summary judgment are GRANTED. There being no further claims against either of these two defendants, they are hereby DISMISSED as parties in this action.