OPINION
Jeanne Estep appeals from the summary judgment granted appellee, Cynthia Elam, by the Montgomery County Common Pleas Court.
This litigation began when Jeanne Estep filed her complaint against Cynthia Elam and her husband Bill Elam, Jr. alleging that Bill Elam, Jr. breached his lease agreement with her by accepting clean fill dirt at the leased property and by failing to inform her that he had received "tipping fees" which were to be equally divided by them. Estep also contended that Bill Elam breached the lease agreement by accepting hard fill which irreparably damaged the leased property. Estep also asserted in the complaint that "defendant Cynthia Elam has, in whole or in part, received the assets wrongfully withheld by Bill Elam, Jr." In a separate cause of action, Ms. Estep asserted a claim for theft and wilful damaging and requested treble damages pursuant to R.C. 2307.61(C). Estep attached a copy of the lease agreement to her complaint.
After generally denying the allegations of the complaint, Cynthia Elam moved for summary judgment. Ms. Elam noted while she was married to Bill Elam, Jr. at the time the lease agreement with Ms. Estep was entered into by her husband, she was neither a party to the lease nor "had any knowledge of the terms of the lease until she was served a copy of the complaint." (See Cynthia Elam's affidavit attached to her summary judgment motion).
In response to the motion, Ms. Estep's counsel filed a memorandum stating that Ms. Elam was an active participant in the businesses run by her husband at the leased premises, paid the monetary rent to Ms. Estep, had a telephone at the business in her name, negotiated late rent payments, and a number of the assets of the businesses run by her husband were in her name.
Counsel for Ms. Estep "argued" that since Ms. Elam was so frequently at the leased site (a junkyard) it is impossible to believe she had no knowledge that her husband accepted tipping fees without reporting them to Ms. Estep.
In granting summary judgment to defendant Cynthia Elam, the trial court noted:
 In the case sub judice, the plaintiff claims that during all the period of the lease agreement Cynthia Elam was an active participant in the business. However, as the Defendant points out, she was never a party to the lease agreement, and can not be liable just because she was married to one who was a party to the contract. The facts that Ms. Elam may have had a phone in her name, may have paid the rent at the site, may have frequently been at the site do not make her a party to the lease agreement, nor does it make her in privity of contract. Furthermore, it does not follow that she had knowledge of the tipping fees. As the wife of Mr. Elam, Cynthia Elam may have wanted to help with the business, but this does not make her liable for the breach unless she is a party to the agreement.
After granting summary judgment in Cynthia Elam's favor, the trial court entered a Civ.R. 54(B) finding so that Ms. Estep could immediately appeal the trial court's judgment in favor of Ms. Elam although her husband remains a defendant in the pending litigation.
In a single assignment of error, appellant contends it was error for the trial court to enter summary judgment for appellee "merely because she was not a party to the contract."
In support of her assignment, appellant attached the affidavit of her daughter, Debbie Minix. In her affidavit, Ms. Minix stated she often collected the monthly rent on behalf of her mother from Ms. Elam and that Ms. Elam told her "they had never collected money for fill." Ms. Minix stated that after the Elams abandoned the leasehold property, she discovered that the Elams had been paid $55,509 in "tipping fees."
Civ.R. 56(E) provides that when a motion for summary judgment is made and supported as provided in Rule 56, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in the Rule, must set forth specific facts showing there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate shall be entered against the party.
We agree with the trial court and the appellant that a party can only be liable on a contract if that party was either a party to that contract or was in privity with a contracting party. United States Fid. Guar. Co. v. Truck Concrete Equip. Co. (1970), 21 Ohio St.2d 244; Am. Rock Mechanics v. Thermex Energy (1992), 80 Ohio App.3d 53. Relatives of a contracting party are not in privity of contract simply because of their familial relationship to a party to the contract. Simon v. Zipperstein (1987), 32 Ohio St.3d 74.
In this case, Ms. Elam stated in her affidavit that she was not a party to the lease and the lease attached to the plaintiff's complaint confirms that statement. She also stated in her affidavit that she had no knowledge of the terms of the lease until she was served with the complaint.
Ms. Estep did not provide the trial court with an affidavit or other evidentiary material contradicting Ms. Elam's affidavit but merely argued that Ms. Elam must have known that her husband received the tipping fees because she was frequently at the junkyard site and must have been aware that her husband was not reporting these fees to her husband's landlord.
It is fundamental that we cannot consider evidentiary material that was not presented in the first instance in the trial court. Therefore, we cannot consider Ms. Minix's affidavit that was attached to Ms. Estep's appellate brief. State v. Ishmail (1978), 54 Ohio St.2d 402. Middletown v. Allen (1989), 63 Ohio App.3d 443.
Based on the admissible record, the trial court properly granted summary judgment to Ms. Elam. Even if we could consider counsel's "argument" as evidence, it merely suggests Ms. Elam knew her husband was violating his contractual duties to Ms. Estep. Absent admissible evidence that Ms. Elam affirmatively assisted her husband in defrauding Ms. Estep, summary judgment was appropriately entered by the trial court for Ms. Elam. The assignment of error is overruled.
Judgment of the trial court is Affirmed.
FAIN, J., and GRADY, J., concur.